IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02902-BNB

MANUEL DePINEDA,

      Applicant,

v.

LOU ARCHULETA, and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Manuel DePineda, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City,

Colorado.  Mr. DePineda initiated this action by filing *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his

criminal conviction and sentence in Denver District Court case number 88CR1103.  The

Court must construe the application liberally because Mr. DePineda is not represented

by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate

for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the

action will be dismissed for lack of jurisdiction.

      Mr. DePineda previously has sought habeas corpus relief pursuant to § 2254 in

the District of Colorado challenging the validity of the same state court conviction and

sentence.  *See DePineda v. McKenna*, No. 90-cv-01443-SGF-DEA (D. Colo. Oct. 17,

1990), *appeal dismissed*, No. 90-1312, 1991 WL 65066 (10th Cir. Apr. 24, 1991);

*DePineda v. Gunter*, No. 91-cv-00977-DBS-RMB (D. Colo. Aug. 5, 1991), *appeal*

*dismissed*, No. 91-1294, 1991 WL 268841 (10th Cir. Dec. 11, 1991); *DePineda v.*

*Cooper*, No. 92-cv-01400-LTB (D. Colo. Nov. 16, 1992), *aff'd*, No. 93-1212, 1993 WL

482907 (10th Cir. Nov. 22, 1993); *DePineda v. Gunter*, No. 93-cv-00446-EWN (D. Colo.

Apr. 30, 1994); *DePineda v. Zavaras*, No. 93-cv-02665-LTB (D. Colo. Jan. 20, 1994),

*aff'd*, No. 94-1052, 1994 WL 475019 (10th Cir. Sept. 1, 1994); *DePineda v. Golder*, No.

03-cv-01106-ZLW (D. Colo. July 1, 2003); *DePineda v. Ortiz*, No. 04-cv-01199-ZLW (D.

Colo. July 20, 2004); *DePineda v. Ortiz*, No. 05-cv-00691-ZLW (D. Colo. Apr. 22, 2005);

*DePineda v. Milyard*, No. 09-cv-02009-ZLW (D. Colo. Sept. 16, 2009), *appeal*

*dismissed*, No. 09-1424 (10th Cir. Dec. 10, 2009); *DePineda v. Milyard*, No. 09-cv-

02594-ZLW (D. Colo. Nov. 20, 2009), *appeal dismissed*, No. 09-1540 (10th Cir. Feb. 11,

2010); *DePineda v. Clements*, No. 12-cv-02066-LTB (D. Colo. Aug. 14, 2012);

*DePineda v. Clements*, No. 12-cv-03089-LTB (D. Colo. Nov. 30, 2012), *appeal*

*dismissed*, No. 12-1489 (10th Cir. Jan. 9, 2013); *DePineda v. Medina*, No. 13-cv-00152-

LTB (D. Colo. Mar. 8, 2013), *appeal dismissed*, No. 13-1105 (10th Cir. Apr. 3, 2013);

*Depineda v. Archuleta*, No. 13-cv-02181-LTB (D. Colo. Aug. 19, 2013); *DePineda v.*

*Archuleta*, No. 13-cv-02555-LTB (D. Colo. Oct. 9, 2013).  One of these prior actions was

dismissed without prejudice for failure to exhaust state remedies.  *See* 92-cv-01400-

LTB.  Four of these prior actions were dismissed on the merits.  *See* 93-cv-02665-LTB;

93-cv-00446-EWN; 91-cv-00977-DBS-RMB; 90-cv-01443-SGF-DEA.  Three other

actions were transferred to the United States Court of Appeals for the Tenth Circuit

because Mr. DePineda had not obtained authorization from that court to file a second or

successive application.  *See* 05-cv-00691-ZLW; 04-cv-01199-ZLW; 03-cv-01106-ZLW.

Mr. DePineda's most recent habeas corpus actions challenging the validity of his

conviction and sentence were dismissed for lack of jurisdiction because he had not

obtained the necessary authorization to file a second or successive application.  *See*

13-cv-02555-LTB; 13-cv-02181-LTB; 13-cv-00152-LTB; 12-cv-03089-LTB; 12-cv-

02066-LTB; 09-cv-02594-ZLW; 09-cv-02009-ZLW.

Although Mr. DePineda fails to list all of these prior actions in the application (*see*

ECF No. 1 at 7), the Court may take judicial notice of its own records and files that are

part of the Court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins.

Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  The Court has examined the records for

the cases listed above and finds that Mr. DePineda previously has challenged the

validity of his conviction and sentence.  Therefore, the instant application is a second or

successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. DePineda must apply to the Tenth

Circuit for an order authorizing this Court to consider his second or successive habeas

corpus application.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).

In the absence of such authorization, the Court lacks jurisdiction to consider the merits

of the claims asserted in a second or successive § 2254 application.  *See id.* at 1251.

An applicant seeking authorization to file a second or successive application for a writ of

habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is

based on "a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable," 28 U.S.C. §

2244(b)(2)(A); or that "the factual predicate for the claim could not have been

3

discovered previously through the exercise of due diligence" and "the facts underlying

the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

establish by clear and convincing evidence that, but for constitutional error, no

reasonable factfinder would have found the applicant guilty of the underlying offense."

28 U.S.C. § 2244(b)(2)(B).

Mr. DePineda alleges in the application that he has obtained authorization from

the Tenth Circuit to file a second or successive § 2254 application.  (*See* ECF No. 1 at

7.)  However, he did not provide proof of such authorization to the Court.  Therefore, on

October 24, 2013, Magistrate Judge Boyd N. Boland ordered Mr. DePineda to submit

proof that he has obtained authorization from the Tenth Circuit to file a second or

successive application within fourteen days.

On October 30, 2013, Mr. DePineda filed a response (ECF No. 4) to Magistrate

Judge Boland's October 24 order.  He did not provide proof that he has obtained

authorization from the Tenth Circuit to file a second or successive application and he

fails to persuade the Court that such authorization is not required.  Therefore, the Court

must either dismiss the application for lack of jurisdiction or, if it is in the interest of

justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re*

*Cline*, 531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  When "there is no risk that a meritorious successive claim will be lost

absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. DePineda fails to demonstrate that his claims in this action are based on either a new and retroactive rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2).  Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that the application would be time-barred if filed anew in the proper forum, it appears that the application would be time-barred even if Mr. DePineda had sought proper authorization prior to filing in this Court.  There also is no indication that the claims Mr. DePineda seeks to raise have any merit.  Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over the application because Mr. DePineda has been advised in numerous prior habeas corpus actions that this Court lacks jurisdiction to consider claims challenging the validity of his conviction and sentence in a second or successive application in the absence of authorization by the Tenth Circuit.  As a result, the Court finds that a transfer of his action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  14th  day of   November        , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court